

**FILED**

SEP 18 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | No. 18 CR 522 |
| v. | ) | |
| | ) | Hon. John Robert Blakey |
| Xavier Travis | ) | |
| | ) | |

### XAVIER TRAVIS'S PLEA DECLARATION

The defendant, **Xavier Travis**, after consultation with his attorney, **Amanda G. Penabad**, acknowledges and states the following:

1. He has been charged by superseding indictment with one count of knowingly possessing a firearm after previously having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1), and one count of distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. He has read the charges against him contained in the superseding indictment, and those charges have been fully explained to him by his attorney.

3. He fully understands the nature and elements of the crimes with which he has been charged.

4. He will enter a voluntary plea of guilty to Count One of the superseding indictment in this case.

**FACTUAL BASIS**

5. Mr. Travis will plead guilty because he is in fact guilty of the charge contained in Count One of the superseding indictment. More specifically, Mr. Travis admits the following facts and acknowledges that those facts establish his guilt beyond a reasonable doubt:

In August 2018, undercover ATF agents met with Mr. Travis in Joliet, Illinois, posing as members of a biker gang. On multiple occasions, the agents offered to sell Mr. Travis guns in exchange for drugs. On the evening of August 27, 2018, Mr. Travis drove to the agents' warehouse in Joliet and agreed to a transaction of firearms in exchange for crack cocaine. The agents allowed Mr. Travis to handle and inspect the three firearms, including: (1) a Heckler & Koch, Model MP-5 K-N, Caliber 9 millimeter machinegun, S/N 64-21806; (2) a Glock, Model 22, Caliber .40 semiautomatic pistol, S/N CTR647US; and (3) a Colt, Model Python, Caliber .357 revolver, S/N V59823. The agents then placed the firearms into a toolbox and allowed Mr. Travis to carry the toolbox away.

Mr. Travis acknowledges that at the time that he possessed the firearms on or about August 27, 2018, he knew that he was a convicted felon and that he had been previously convicted of a crime punishable by a term of imprisonment in excess of one year. He also acknowledges that the government provided him evidence that the manufacturers of the three firearms have never maintained a manufacturing plant in the State of Illinois, and, therefore, the firearms traveled in interstate commerce prior to his possession of them.

2

**POTENTIAL PENALTIES**

6. Mr. Travis understands that Count One carries a maximum incarceration sentence of ten years, a maximum fine of $250,000, and a potential term of supervised release of not more than three years.

7. Mr. Travis understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, he will be assessed $100 on the count to which he has pled guilty, in addition to any other penalty imposed.

8. Mr. Travis understands that, at the sentencing hearing, the Court will be guided by the United States Sentencing Guidelines. He understands that the guidelines are no longer mandatory, but are advisory only, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guideline range. Mr. Travis understands that the applicable sentencing guideline range is one factor which this Court is required to take into consideration under 18 U.S.C. § 3553(a)(4), along with the other required factors under § 3553(a).

9. Mr. Travis and his attorney acknowledge that any guidelines calculations they have discussed are preliminary in nature and based on facts known to them at the time of this plea declaration. Mr. Travis understands that the probation office and the government will conduct their own investigations and that the

3

Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculations.

10. Errors in the calculation or interpretation of any of the guidelines may be corrected by Mr. Travis prior to sentencing. He may correct these errors or misinterpretations by submitting a statement to the probation office and/or Court, setting forth the disagreement as to the correct guidelines and their application.

11. Mr. Travis reserves the right to request a downward departure or variance on any grounds he deems appropriate. He understands that any decision to depart or vary from the applicable guidelines lies solely with the discretion of the Court.

### TRIAL RIGHTS AND APPELLATE RIGHTS

12. Mr. Travis understands that by pleading guilty he surrenders certain rights, including the following:

(a) If Mr. Travis persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. Mr. Travis has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, Mr. Travis, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Mr. Travis and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual

bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that Mr. Travis is presumed innocent on each count, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond reasonable doubt.

(c) If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of Mr. Travis's guilt beyond a reasonable doubt.

(d) At trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against Mr. Travis. Mr. Travis would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, Mr. Travis could present witnesses and other evidence in his own behalf. He would be under no obligation to do so, however, because he is presumed to be innocent and, therefore, need not prove his innocence. If the witnesses for Mr. Travis would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e) At a trial, Mr. Travis would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If Mr. Travis desired to do so, he could testify in his own behalf.

13. Mr. Travis understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Mr. Travis's attorney has explained those rights

to him, and the consequence of his waiver of those rights. Mr. Travis further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty, the effectiveness of counsel, and the sentence.

### LIMITATIONS AND CONSEQUENCES OF THIS PLEA DECLARATION

14. Mr. Travis understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Mr. Travis further understands that he and his attorney will be able to present evidence in mitigation at sentencing.

15. Mr. Travis understands that at the time of sentencing, he and his attorney, and the government, will be free to make their respective recommendations to the Court as they believe are appropriate.

16. Should the Court refuse to accept Mr. Travis's plea of guilty, this Plea Declaration shall become null and void and he will not be bound thereto. It is Mr. Travis's position that, should the Court decline to accept his plea, Mr. Travis withdraws his plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Additionally, pursuant to Rule 11(f) and Federal Rule of Evidence 410, this Plea Declaration and the ensuing court proceedings would be inadmissible in later court proceedings.

17. If accepted, Mr. Travis agrees that this Plea Declaration shall be filed and become a part of the record of the case.

18. Mr. Travis and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Mr. Travis further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney.

Signed this 18th day of September, 2019

_____
Xavier Travis
Defendant

Federal Defender Program
John F. Murphy,
Executive Director

By: _____
Amanda G. Penabad
Attorney for Defendant

FEDERAL DEFENDER PROGRAM
55 East Monroe Street, Suite 2800
Chicago, IL 60603
(312) 621-8300